CITY OF CINCINNATI, APPELLEE, *v.* GAMBLE ET AL.,
APPELLEES; CADY ET AL., APPELLANTS.

(No. 6120—Decided June 15, 1942.)

*Mr. John D. Ellis, Mr. Henry M. Bruestle* and *Mr.
Ed. F. Alexander,* for appellees.
*Mr. Saul Zielonka,* for appellant, Wm. J. Kuertz.
*Mr. Wm. J. Kuertz,* for appellant, Henry J. Cady.

Ross, J. This proceeding involves an appeal on
questions of law by a taxpayer, not a party in the trial
court, and an appeal on questions of law by his attor-
ney, who also was not a party in the trial court.

It appears from the record that the petition in this
action was filed February 8, 1939, by the city of Cin-
cinnati against the board of trustees of the retirement
system of the city of Cincinnati and others, at the re-
quest of a taxpayer. A decree granting an injunction
was entered by the trial court January 27, 1940. From
this decree the city of Cincinnati, through the city
solicitor, appealed on questions of law to the Court of
Appeals, where such decree was reversed. Upon the
matter being carried to the Supreme Court, the judg-
ment of the Court of Appeals was reversed and the
decree of the Court of Common Pleas affirmed (*City*

*of Cincinnati* v. *Gamble et al., Bd. of Trustees of Retirement System,* 138 Ohio St., 220, 34 N. E. [2d],. 226). The mandate of the Supreme Court was entered in the Common Pleas Court on May 15, 1941.. Thereafter, a number of new parties defendant were permitted to file intervening petitions.

On September 13, 1941, the attorney filed an application for allowance of attorney's fees. On October 7,. 1941, the issues raised by the intervenors were decided in a decree in which relief to active members of the police and fire departments was denied and on the same day a decree was entered granting relief to former members and widows of former members of the police and fire departments upon their intervening petitions.

On December 6, 1941, a motion was made to make the taxpayer and his attorney parties defendant. On. the same day a motion for a new trial was filed by the taxpayer and his attorney, probably from verbal denials of their motions.

On January 17, 1942, such motions were overruled in an entry which states that the taxpayer and his attorney had made motions to be made parties defendant and begged leave to file intervening petitions,. setting up the claim of the taxpayer and his attorney for the allowance of attorney's fees.

On January 19, 1942, entry was made overruling the motion of the attorney for a new trial and dismissing his application for attorney's fees.

On January 20, 1942, motions for new trial were filed by the taxpayer and his attorney. On January 23, 1942, these motions were overruled and allowance of fees denied.

On January 26, 1942, appeals on questions of law were filed by the taxpayer and his attorney to this court.

It appears from the bill of exceptions that the at-

torney rendered most valuable services in securing the final determination of the case in favor of the plaintiff. It also appears that the assistants of the city solicitor appeared for the city and the board of trustees. The taxpayer and his attorney were given every opportunity to present every matter which they considered of importance, and the attorney drafted briefs and made arguments, and it is upon these very services he predicates his right to fees. Nowhere in the record or bill of exceptions is there the slightest suggestion that the case was not tried exactly as the taxpayer and his attorney would have it tried. The city solicitor, representing the plaintiff, cooperated in every way. The briefs were in fact the briefs of the attorney.

Even if this were not the case, no application was made by the taxpayer for intervention until long after the real issues in the case were disposed of and after remand from the Supreme Court of Ohio, where the attorney vigorously prosecuted the action. That he rendered valuable services cannot be denied. Clearly, these facts do not bring either the taxpayer or his attorney within the purview of either the syllabus or the concurring opinion of *City of Middletown* v. *City Commission of Middletown,* 138 Ohio St., 596, 37 N. E. (2d), 609, and the quotation in the concurring opinion on page 611 is not overlooked, where it is stated:

" 'It occurs to me that it could be said with just as much force and reason that a lawyer representing both sides of a contested case, in order to assure correct results, must not only be endowed with an abundance of righteousness, but must also possess some celestial attributes not common to ordinary mankind.' "

No seasonable application was made by the taxpayer, nor is there proof that full justice was not done

his cause, as if his request for action had been refused by the city solicitor, and he had handled the case alone. The trial court certainly committed no breach of discretion in denying intervention to the taxpayer and his attorney at the stage when such application was made.

The sole claim to the allowance of fees must be made upon the predicate that assistance, yes, major dominating assistance, was rendered the city solicitor in prosecuting the action. No fund was actually brought into court.

The practical result of the whole action was to transfer the fund in question from a nonlegal to a legal department of the city of Cincinnati. The whole issue turned upon the legal composition of a city retirement system. The action certainly cannot be considered as one based solely upon general equity powers of a court, but must be one coming entirely within the purview of the statutes enacted for the purpose of controlling taxpayers' actions.

Section 4316, General Code, which applies only when the solicitor refuses to act, provides as follows:

"If the court hearing such case is satisfied that the taxpayer had good cause to believe that his allegations were well founded, or if they are sufficient in law, it shall make such order as the equity and justice of the case demand. In such case the taxpayer shall be allowed his costs, and, if judgment is finally ordered in his favor, he may be allowed as part of the costs a reasonable compensation for his attorney."

No help is found for the appellants in this section, nor is any other called to our attention, nor can we find any. That the attorney has rendered valuable services to the city and his client, the taxpayer, for the third time we state, cannot be denied, but in the absence of enabling legislation we find no authority to reverse the judgment of the Court of Common Pleas

refusing the application of the taxpayer and his attorney to intervene. Nor do we find error in that court's action refusing the appellants' costs and fees.

The judgment is affirmed.

*Judgment affirmed.*

Matthews, P. J., concurs.